# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARTHA OCHOA,<br><br>Plaintiff,<br><br>v.<br><br>NEW CANAAN BOARD OF EDUCATION<br><br>Defendant. | No. 3:17-CV-01029 (MPS) |

**RULING ON MOTION TO REMAND**

Martha Ochoa filed this action in Connecticut state court, (ECF No. 1-1) bringing claims against her employer, the New Canaan Board of Education (the "Board"), for race, sex, and disability discrimination under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and Connecticut anti-discrimination laws, Conn. Gen. Stat. Sec. 46a-60(a)(1). Ochoa also claimed the Board retaliated against her because she exercised her rights under the Connecticut Workers' Compensation Act, in violation of Conn. Gen. Stat. Sec. 31-290a.

The Board removed the case to this Court, citing federal question jurisdiction. (ECF No. 1). Ochoa then filed a Motion to Remand, asserting that a federal statute, 28 U.S.C. Sec. 1445(c), makes this case nonremovable because it "aris[es] under" a State's workers' compensation law, namely, the Connecticut Workers' Compensation Act. (ECF No. 11). Ochoa's retaliation claim does arise under that Act, but her other claims fall within this Court's federal question and supplemental jurisdiction. In 2011, Congress amended the removal statute to address this situation, i.e., where a case removed from state court includes both claims raising a federal question

1

and claims made nonremovable by statute, and that amendment dictates the outcome here: "A civil action [that] includes a claim arising under [federal law] and . . . a claim that has been made nonremovable by statute . . . may be removed," but "[u]pon removal . . . , the district court shall sever from the action all [claims made nonremovable by statute] and shall remand the severed claims to the State court from which the action was removed." 28 U.S.C. Sec. 1441(c); *see* P.L. 112-63, Dec. 7, 2011, 125 Stat. 758. The Motion to Remand is accordingly GRANTED as to the retaliation claim under Conn. Gen. Stat. Sec. 31-290a and DENIED as to the remaining claims, as explained in more detail below.

I. **Discussion**

Under 28 U.S.C. Sec. 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Two judges of this Court have found that retaliation claims under Conn. Gen. Stat. Sec. 31-290a "aris[e] under the workmen's compensation law[]" of Connecticut, *Wilson v. Lowe's Home Center,* 401 F. Supp. 2d 186 (D. Conn. 2005); *Miley v. Hous. Auth.*, 926 F. Supp. 2d 420, 426 (D. Conn. 2013), and I agree with and adopt the analysis in those opinions. Such claims are thus "made nonremovable by statute." *Miley,* 926 F. Supp. 2d at 428.

The Federal Courts Jurisdiction and Venue Clarification Act of 2011 changed the removal statute's treatment of cases containing both claims made nonremovable by statute and claims falling within the district court's federal question jurisdiction. As amended, the relevant provision states as follows:

(1) If a civil action includes

    (A)    a claim arising under [federal law], and
    (B)    a claim not within the original or supplemental jurisdiction of the district court or a claim that has been *made nonremovable by statute*, the

2

> entire action may be removed if the action would be removable without the inclusion of the claim described in [this] subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed . . .

28 U.S.C. Section 1441(c) (emphasis added).

This case includes three categories of claims for purposes of the provision set forth above: (1) the federal law discrimination claims, which fall within the court's original jurisdiction, (2) state law discrimination claims, which, because they form part of the "same case or controversy" as the federal law discrimination claims, fall within the court's supplemental jurisdiction, 28 U.S.C. Sec. 1367, and (3) the retaliation claim under Conn. Gen. Stat. Sec. 31-290a, which has been made nonremovable by statute. Like the Court in *Miley*, therefore, I conclude that I am bound by the plain language of Section 1441(c) and "must sever [the retaliation claim under Conn. Gen. Stat. Sec. 31-290a] and remand it . . . to state court." 926 F. Supp. 2d at 429.

**II.     Conclusion**

For the reasons discussed above, the defendant's motion to remand (ECF No. 11) is GRANTED IN PART AND DENIED IN PART. I sever Ochoa's claim under Conn. Gen. Stat. Sec. 31-290a from the action and remand that claim to Connecticut Superior Court. I retain jurisdiction over the remaining claims.

The Court has reviewed the file in this case to monitor the parties' compliance with Local Rule 26(f). Local Rule 26(f) provides that, within 30 days after the appearance of any defendant, the attorneys of record and any unrepresented parties must confer for purposes described in Fed. R. Civ. P. 26(f). Local Rule 26(f) further provides that, within 14 days after the conference, the participants must jointly file a report of the conference using Form 26(f). It appears that more than forty-four days have passed since the appearance of a defendant in this case but no report has been

filed. Accordingly, it is hereby ordered that the parties file on or before **March 2, 2018** (1) a written statement signed by all counsel of record demonstrating that this case is exempt from the requirement of filing a Form 26(f) report; or (2) a Form 26(f) report along with a written statement signed by all counsel of record explaining why sanctions should not be imposed for the parties' failure to comply with Local Rule 26(f). Failure to comply with this order will result in dismissal of the complaint.

IT IS SO ORDERED.

/s/

Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut

February 16, 2018